[Cite as *State v. Guyton*, 2020-Ohio-3837.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-12-203 |
| | : | O P I N I O N |
| - vs - | | 7/27/2020 |
| | : | |
| TREMEL GUYTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CRI2019-05-0826

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High St., 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second St., #305, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1}   Appellant, Tremel Guyton, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to single counts of aggravated possession of drugs, possession of heroin, and having weapons while under disability.  For the reasons outlined below, we affirm.

{¶ 2}   On December 10, 2019, Guyton entered a plea agreement and pled guilty to

aggravated possession of drugs, a first-degree felony that included a forfeiture specification, possession of heroin, a second-degree felony, and having weapons while under disability, a third-degree felony. After engaging Guyton in the necessary plea colloquy, the trial court found Guyton's plea was knowingly, intelligently, and voluntarily entered. The plea colloquy included the following exchange between the trial court and Guyton:

> THE COURT: Do you understand that regardless of whether or not you qualify or receive any type of good-time credit, you'll be released from prison when you have finished your minimum term unless the Ohio Department of Rehabilitation and Corrections ["ODRC"] determines that you must remain in prison for bad conduct? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that the Court is not involved in this decision of whether or not you have – whether or not you're guilty of this bad conduct that I just discussed with you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That'll be a determination for someone within [ODRC]. Do you understand that?
>
> THE DEFENDANT: Yes.

{¶ 3} The trial court also notified Guyton that there "is a rebuttable presumption of your release at the expiration of your minimum term" that ODRC can rebut and "maintain your incarceration * * * subject to [ODRC] procedures." When asked if he understood and still wanted to "go forward with the plea agreement," Guyton responded, "Yes."

{¶ 4} After finding Guyton's guilty plea was knowingly, intelligently, and voluntarily entered, the trial court proceeded to sentencing and sentenced Guyton to an indefinite term of nine to 13-and-one-half years in prison for aggravated possession of drugs, a mandatory seven years in prison for possession of heroin, and 36 months in prison for having weapons

while under disability.[1] The trial court then notified Guyton that the sentence imposed for possession of heroin, as well as the sentence imposed for having weapons while under disability, would be served concurrently to the indefinite prison sentence imposed for aggravated possession of drugs. The trial court also notified Guyton that he would be subject to a mandatory five-year postrelease control term upon his release from prison and that he would be required to forfeit $7,489 as illegal proceeds from his aggravated possession of drugs.

{¶ 5} After imposing its sentence, which the trial court noted was in accordance with the newly enacted Reagan Tokes Law, Am.Sub.S.B. No. 201, effective March 22, 2019, the trial court asked the parties if there were any questions regarding the sentence that had just been imposed. To this, Guyton's trial counsel set forth a general objection challenging the constitutionality of the Reagan Tokes Law and its newly enacted indefinite sentencing structure. Specifically, as Guyton's trial counsel stated:

> [F]or appellate purposes, a[n] objection with regard to the * * * Reagan Tokes Act for any potential Constitutional issues there may be here and in the future. Obviously, that matter has not been litigated, but to just notice that it's preserved for Mr. Guyton under --.

To this, the trial court responded and stated, "It will be noted to preserve." Guyton now appeals, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT IMPROPERLY PRESUMED THAT OHIO REVISED CODE 2967.271 IS CONSTITUTIONAL.

{¶ 7} In his single assignment of error, Guyton argues that the Reagan Tokes Law, specifically R.C. 2967.271, is unconstitutional in that it "allows prison officials and not the sentencing court" to "justify the imposition of additional time of incarceration," thereby

---

1. We note that at the time of sentencing Guyton was already serving an indefinite term of three to four-and-one-half years in prison for a different charge originating out of Hamilton County, Ohio.

violating his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. Guyton also argues that it is a violation of his constitutional right to due process to allow ODRC, rather than the sentencing court, to determine whether "a rule infraction warrants a longer stay in prison." This is because, according to Guyton, it is "illogical" to exclude the sentencing court from participating in the "rebuttable presumption of serving a minimum sentence" scenario set forth in R.C. 2967.271(C) when R.C. 2967.271(F) requires the sentencing court to hold a hearing in circumstances where the director of the ODRC recommends the sentencing court grant a reduction in the minimum prison term imposed on a specified offender "due to the offender's exceptional conduct while incarcerated or the offender's adjustment to incarceration." We disagree.

{¶ 8} It is well established that "we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17; *State v. Cook*, 83 Ohio St.3d 404, 409 (1998) ("statutes enjoy a strong presumption of constitutionality"); *State v. Brownfield*, 12th Dist. Butler No. CA2012-03-065, 2013-Ohio-1947, ¶ 8 ("the party asserting that a legislative enactment is unconstitutional must prove that the legislative enactment is unconstitutional beyond a reasonable doubt in order to prevail"). "An appellate court's standard of review when examining the constitutionality of a statute is de novo." (Emphasis deleted.) *State v. McGuire*, 12th Dist. Preble No. CA2000-10-011, 2001 Ohio App. LEXIS 1826, *11 (Apr. 23, 2001), citing *Liposchak v. Bureau of Workers' Compensation*, 138 Ohio App.3d 368, 385 (7th Dist.2000), citing *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993). Therefore, we must independently review the constitutionality of the Reagan Tokes Law, specifically R.C. 2967.271, while at the same time presuming it to be constitutional. *Id.* at *12.

{¶ 9}   As relevant here, R.C. 2967.271(B) states:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

{¶ 10}   Also relevant is R.C. 2967.271(C), which states:

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division.   Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.   The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

{¶ 11} As noted above, Guyton argues that it is a violation of his constitutional right to due process to allow the ODRC, rather than the sentencing court, to determine whether "a rule infraction warrants a longer stay in prison." However, upon review, Guyton has failed to set forth any argument demonstrating how the language found R.C. 2967.271 violates his constitutional right to due process mandating he be provided with notice and the opportunity to be heard. *State v. Ritchie*, 12th Dist. Warren No. CA2017-11-155, 2018-Ohio-4256, ¶ 69 ("[a]t minimum, due process requires notice and the opportunity to be heard"). Guyton in fact specifically acknowledges as part of his appellate brief that "an inmate is afforded notice and a hearing" under R.C. 2967.271(C) where ODRC may rebut the presumption as set forth in R.C. 2967.271(B) that the inmate will be released from prison upon the expiration of his or her minimum prison term or presumptive earned early release date, whichever is earlier. This is confirmed by R.C. 2967.271(E), which states:

> [ODRC] shall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate.

{¶ 12} Guyton also argues that it is "illogical" to exclude the sentencing court from participating in the "rebuttable presumption of serving a minimum sentence" scenario under R.C. 2967.271(C) when R.C. 2967.271(F) requires the sentencing court to hold a hearing in circumstances where the director of the ODRC recommends the sentencing court grant a reduction in the minimum prison term imposed on a specified offender "due to the offender's exceptional conduct while incarcerated or the offender's adjustment to incarceration." But, despite Guyton's claims, we find nothing "illogical" about the differing requirements set forth by the General Assembly in R.C. 2967.271(C) and 2967.271(F) as those provisions address radically different factual scenarios; one dealing with

circumstances where the inmate has already completed his or her minimum prison term imposed by the trial court, whereas the other deals with instances where the inmate has not. Therefore, while Guyton may feel it is "illogical" to require the sentencing court to hold a hearing in circumstances where the director of the ODRC would like to release an inmate before that inmate had completed even the minimum prison term imposed by the trial court, neither this court nor the General Assembly agree.

{¶ 13} In so holding, we note that in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011 (1970), the United States Supreme Court concluded that, "[w]here revocation of public-assistance benefits is at issue, the fundamental requisite of due process is the opportunity to be heard at a meaningful time, in a meaningful manner." *Ellis v. Ge*, 1st Dist. Hamilton No. C-990775, 2000 Ohio App. LEXIS 4471, *13 (Sept. 29, 2000). Shortly thereafter, in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972), the United States Supreme Court set forth the minimum due process requirements that a trial court must follow in parole revocation proceedings. Then, in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 (1973), the United States Supreme Court extended its holding in *Morrissey* to also apply to probation revocation proceedings.

{¶ 14} As stated by the United States Supreme Court in *Gagnon*, in both parole and probation revocation proceedings, due process requires:

> (a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking [probation or] parole.

(Brackets sic.) *Gagnon* at 786, quoting *Morrissey* at 489. These standards were then

adopted by the Ohio Supreme Court in *State v. Miller*, 42 Ohio St.2d 102, 104 (1975).

{¶ 15} Later, in *Woods v. Telb*, 89 Ohio St.3d 504 (2000), the Ohio Supreme Court determined that the postrelease control statute, R.C. 2967.28, did not violate the petitioner's minimum due process rights set forth by the United States Supreme Court in *Morrissey*. In so holding, the Ohio Supreme Court stated:

> In addition to finding a violation of the separation of powers doctrine, the court of appeals went on to find that the petitioner had not been afforded the due process protections set forth in [*Morrissey*]. Even assuming that the determination of a post-release control violation was made by a neutral decision maker, the court of appeals held that the mere fact that the [Ohio Adult Parole Authority] is performing the functions that were not contemplated by the trial court in its sentence denies an offender his due process rights. Again, we respectfully disagree.

*Id.* at 513.

{¶ 16} The Ohio Supreme Court explained its rationale by noting that "[a]ll of petitioner's post-release control violation hearings were conducted by a neutral and detached Parole Board hearing officer," and not petitioner' own parole officer. *Id.* at 514. "*Morrissey* and *Goldberg* require no more. Accordingly, we hold the petitioner's due process rights were not violated." *Id.*

{¶ 17} The hearings conducted by the ODRC under R.C. 2967.271(C) are analogous to parole revocation proceedings, probation revocation proceedings, and postrelease control violation hearings at issue in *Morrissey*, *Gagnon*, and *Woods*. This is because, as noted by the state as part of its appellate brief, "[a]ll three situations concern whether a convicted felon has committed violations while under the control and supervision of the [ODRC]." Therefore, because due process does not require the sentencing court to conduct parole revocation proceedings, probation revocation proceedings, or postrelease control violation hearings, we likewise conclude that due process does not require the sentencing

court to conduct a hearing under R.C. 2967.271(C) to determine whether the ODRC has rebutted the presumption set forth in R.C. 2967.271(B).  This is confirmed by the United States Supreme Court's decisions in *Goldberg, Morrissey,* and *Gagnon,* as well as the Ohio Supreme Court's decisions in *Miller* and *Woods.*  Accordingly, because the Reagan Tokes Law, specifically R.C. 2967.271, does not run afoul of an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, Guyton's single assignment of error lacks merit and is overruled.

{¶ 18}  Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.