[Cite as *State v. Jackson*, 2021-Ohio-778.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                        |   |                          |
|------------------------|---|--------------------------|
| STATE OF OHIO,         | : |                          |
| Appellee,              | : | CASE NO. CA2020-07-077   |
|                        | : | O P I N I O N            |
| - vs -                 |   | 3/15/2021                |
|                        | : |                          |
| VAN MAURICE JACKSON,   | : |                          |
| Appellant.             | : |                          |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-01-0023

Michael T. Gmoser, Butler County Prosecuting Attorney, Stephen M. Wagner, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, J.**

{¶ 1} Appellant, Van Maurice Jackson, appeals from the sentence he received in the Butler County Court of Common Pleas after pleading guilty to felonious assault with a firearm. For the reasons set forth below, we affirm appellant's sentence.

{¶ 2} On January 15, 2020, appellant was indicted on one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A), a felony of the first degree, one count

of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2), also a felony of the second degree. A firearm specification pursuant to R.C. 2941.145 accompanied each count. The charges arose out of allegations that on November 1, 2019, near the area of South Second Street and Chestnut Street in Hamilton, Butler County, Ohio, appellant shot Jeremy Watson, causing Watson serious physical harm.

{¶ 3} On May 21, 2020, following plea negotiations, appellant pled guilty to felonious assault in violation of R.C. 2903.11(A)(1) and the accompanying firearm specification in exchange for the remaining charges being dismissed. The trial court conducted a plea colloquy as required by Crim.R. 11(C)(2). During the colloquy, the trial court advised appellant of the applicability of Senate Bill 201, commonly known as the Reagan Tokes Law, and informed appellant he would be subject to an indefinite sentence. The court explained that a possible maximum sentence of eight to twelve years could be imposed on the felonious assault charge and with the mandatory three-year prison sentence for the firearm specification, appellant faced an aggregate maximum sentence of eleven to fifteen years. Appellant indicated he understood the penalties he faced and entered a guilty plea to felonious assault and the accompanying firearm specification. The trial court accepted appellant's guilty plea after finding the plea was knowingly, intelligently, and voluntarily entered. Thereafter, the court ordered a presentence-investigative report and set the matter for sentencing.

{¶ 4} On July 2, 2020, the trial court sentenced appellant to an indefinite prison term of six to nine years in prison for felonious assault. This sentence was run consecutive to a mandatory three-year prison term on the firearm specification. In imposing the indefinite sentence, the trial court advised appellant of the rebuttable presumption under the Reagan Tokes Law that he would be released from service of his sentence on the expiration of the

imposed minimum prison term. However, the Ohio Department of Rehabilitation and Correction ("ODRC") could rebut this presumption if, at a hearing held pursuant to R.C. 2967.271, it made specific determinations regarding appellant's conduct while confined, his rehabilitation, threat to society, restrictive housing, if any, while confined, and his security classification. If ODRC rebutted the presumption, then it could maintain appellant's incarceration after the expiration of the minimum prison term up to the expiration date of his maximum prison term.

{¶ 5} After providing this explanation and informing appellant he was also subject to a mandatory three-year postrelease control term upon his release from prison, the court asked the parties if there were any questions regarding the imposed sentence. At this time, counsel for appellant stated, "Your Honor, just for the record, I don't know if it's necessary, but we'll be objecting and filing an appeal under Reagan [Tokes] constitutionality issue." To this, the trial court responded, "Right. Right. That will be noted for the record. Thank you."

{¶ 6} Appellant now appeals, raising the following as his sole assignment of error:

{¶ 7} THE TRIAL COURT IMPROPERLY PRESUMED THAT OHIO REVISED CODE 2967.271 IS CONSTITUTIONAL.

{¶ 8} Appellant argues that the Reagan Tokes Law, specifically R.C. 2967.271, is unconstitutional as it "allows prison officials and not the sentencing court to justify the imposition of additional time of incarceration without due process of law," thereby violating his due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution. Appellant maintains his due process rights are violated by ODRC, rather than then sentencing court, determining whether a rule infraction warrants a longer stay in prison.

{¶ 9} The state contends that appellant's arguments are not properly before this court because he failed to raise a challenge to the constitutionality of R.C. 2967.271 before

the trial court. The state argues appellant's "objection" at the close of sentencing did not properly preserve the issue for appeal. Alternatively, even if the issue were preserved, the state contends appellant's constitutional arguments fail as an identical issue was considered and rejected by this court in *State v. Guyton*, 12th Dist. Butler CA2019-12-203, 2020-Ohio-3837.

{¶ 10} We find *Guyton* to be instructive. First, as to the issue of whether appellant forfeited his challenge to the constitutionality of R.C. 2967.271, we find that he properly preserved the issue for appeal. Appellant's objection to the sentence and challenge to the constitutionality of the statute is similar to the objection and challenge raised in *Guyton*. There, after Guyton's sentence was announced, Guyton's trial counsel raised a general objection to the constitutionality of the Reagan Tokes Law, stating, "[F]or appellate purposes, a[n] objection with regard to the * * * Reagan Tokes Act for any potential Constitutional issues there may be here and in the future. Obviously, that matter has not been litigated, but to just notice that it's preserved for Mr. Guyton * * *." *Id.* at ¶ 5. On appeal, Guyton raised a constitutional due process challenge to R.C. 2967.271, and this court addressed the merits of his assignment of error. *See id.* at ¶ 6-18.

{¶ 11} Conversely, in *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, this court found a defendant waived his right to challenge the constitutionality of R.C. 2967.271 on appeal as he failed to raise the issue in the trial court. There, the defendant did not raise any objection or constitutional challenge to the Reagan Tokes Law either before or after the trial court issued its sentencing decision. *Id.* at ¶ 5.

{¶ 12} As the case before us is similar to *Guyton*, in that appellant raised an objection and constitutional challenge to R.C. 2967.271 at the sentencing hearing, we find it appropriate to address the merits of his arguments. As this court explained when we addressed an identical constitutional due process challenge to R.C. 2967.271 in *Guyton*,

"[i]t is well established that 'we are to presume that the state statute is constitutional and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt.'" *Guyton*, 2020-Ohio-3837 at ¶ 8, quoting *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17.

{¶ 13} Here, like in *Guyton*, appellant has failed to set forth any argument demonstrating how the language set forth in R.C. 2967.271 violates his constitutional right to due process mandating he be provided with notice and the opportunity to be heard. *See id.* at ¶ 11, citing *State v. Ritchie*, 12th Dist. Warren No. CA2017-11-155, 2018-Ohio-4256, ¶ 69 ("[a]t a minimum, due process requires notice and the opportunity to be heard"). Appellant acknowledges that "under the current statute, an inmate is afforded notice and a hearing" under R.C. 2967.271(C) where ODRC may rebut the presumption that an inmate will be released from prison upon the expiration of his minimum prison term or presumed early release date, whichever is earlier. This is confirmed by R.C. 2967.271(E), which states that ODRC "shall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding possible release on parole of an inmate."

{¶ 14} Appellant contends it is "illogical" to exclude the sentencing court from participating in the "rebuttable presumption of serving a minimum sentence" set forth in R.C. 2967.271(C) when another division of the statute, section (F), requires that *the sentencing court* hold a hearing in circumstances where the director of ODRC recommends the sentencing court grant a reduction in the minimum prison term imposed on a specified offender "due to the offender's exceptional conduct while incarcerated or the offender's adjustment to incarceration." Contrary to appellant's arguments, we find nothing illogical about the differing requirements set forth by the General Assembly in R.C. 2967.271(C) and

(F). *Guyton* at ¶ 12. As we previously explained, divisions (C) and (F) of R.C. 2967.271 "address radically different factual scenarios; one dealing with circumstances where the inmate has already completed his or her minimum prison term imposed by the trial court, whereas the other deals with instances where the inmate has not." *Id.* The General Assembly is entitled to set forth different requirements under each scenario. *Id.*

{¶ 15} Furthermore, as we discussed in great detail in *Guyton*, "the [h]earings conducted by the ODRC under R.C. 2967.271(C) are analogous to parole revocation proceedings, probation revocation proceedings, and postrelease control violation hearings" at issue in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 (1973); and *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171. *Guyton*, 2020-Ohio-3837 at ¶ 17. In none of those situations, where a convicted felon has committed violations while under the control and supervision of ODRC, does due process require the sentencing court to conduct the revocation or violation hearings. Similarly, due process does not require the sentencing court to conduct a hearing under R.C. 2967.271(C) to determine whether ODRC has rebutted the presumption set forth in R.C. 2967.271(B). *Id.* The Reagan Tokes Law, specifically R.C. 2967.271, therefore, does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. Appellant's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.