[Cite as *State v. Henderson*, 2021-Ohio-3564.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-11-072 |
| | : | O P I N I O N |
| - vs - | | 10/4/2021 |
| | : | |
| ROBERT R. HENDERSON, III, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36462


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Kidd & Urling LLC, and Thomas W. Kidd, Jr., for appellant.



**PIPER, P.J.**

{¶ 1}  Appellant Robert R. Henderson, III, appeals the sentence imposed by the Warren County Court of Common Pleas pursuant to the Reagan Tokes Law.

{¶ 2}  A Warren County Grand Jury indicted Henderson on eight charges: felonious assault, robbery, grand theft of a motor vehicle, trespass in a habitation, misdemeanor assault, criminal damaging, cruelty to animals, and injuring animals.  Shortly thereafter,

Henderson filed a "Motion to Strike and Declare as Unconstitutional the Indefinite Sentencing Provisions of Senate Bill 201." When he later pled no contest to all counts, the court denied his motion and sentenced him on six of the counts after merging two offenses.

{¶ 3} The felonious assault and robbery charges to which Henderson entered pleas are qualifying offenses under the Reagan Tokes Law. As such, Henderson was sentenced to an indefinite term of imprisonment, being a minimum of three years and maximum of four and one-half years for each respective offense, to run concurrently. The sentences for all of the other charges were also to run concurrently.

{¶ 4} Henderson now appeals his sentences for felonious assault and robbery, raising the following assignment of error:

{¶ 5} THE INDEFINITE SENTENCING SCHEME SET FORTH IN THE REAGAN TOKES LAW AND IMPOSED BY THE TRIAL COURT IN THIS CASE VIOLATES THE FEDERAL AND STATE CONSTITUTIONS.

{¶ 6} In his assignment of error, Henderson argues that the Reagan Tokes Law violates both the United States and Ohio Constitutions by impinging upon his right to a trial by jury, denying him due process of law, and disregarding the doctrine of separation of powers.

{¶ 7} Preliminarily, we note that the state asserts that Henderson's constitutional challenges of the Reagan Tokes Law are not ripe for review. The Ohio Supreme Court is presently in the process of resolving a conflict between the appellate districts on this issue. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913. This court, however, has previously determined that a defendant's constitutional challenge to the Reagan Tokes Law is ripe for review. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11 fn.1. As such, we review Henderson's claims on the merits.

Trial by Jury

{¶ 8} Henderson did not first present his argument that the Reagan Tokes Law violates his right to a trial by jury to the trial court. This court has repeatedly held that arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court. *See, e.g., State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *Hodgkin* at ¶ 11. Henderson therefore forfeited the claim that the statute violated his right to a trial by jury, and consequently we will not consider it.

{¶ 9} Even if Henderson had not forfeited his argument, we recently held that the Reagan Tokes Law does not violate the right to a trial by jury.[1] *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 20. Henderson argues that the Reagan Tokes Law substitutes the Ohio Department of Rehabilitation and Correction's ("ODRC") judgment for that of a jury. He compares the provision whereby the ODRC may make findings to extend a defendant's sentence beyond the presumptive minimum term to permitting the trial judge to make additional findings to increase a defendant's sentence beyond the punishment authorized by a jury's guilty verdict or defendant's admissions. *Apprendi v. New Jersey*, 530 U.S. 466, 484, 120 S.Ct. 2348 (2000); *Blakeley v. Washington*, 542 U.S. 296, 303, 122 S.Ct. 2428 (2004). Unlike the sentencing schemes found unconstitutional by the United States Supreme Court, the trial court does not exercise discretion in imposing the maximum prison term required by the Reagan Tokes Law. *Rogers* at ¶ 20. The maximum term component of a Reagan Tokes indefinite sentence is therefore authorized by the jury's guilty verdict or the defendant's own admissions and is

---

1. To date, the only other appellate district to rule specifically on whether the Reagan Tokes Law violates a defendant's right to trial by jury is the Eighth District, which has issued conflicting opinions. *Compare State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-1809, ¶ 32–33 (finding that the Reagan Tokes Law violates a defendant's right to trial by jury) *with State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, ¶ 41 (finding that the Reagan Tokes Law does not violate a defendant's right to trial by jury). Both cases are currently set for consideration *en banc* by the Eighth District.

not based upon factors not submitted to the jury or admitted by the defendant. *Id.* at ¶ 17. The defendant is not exposed to greater punishment than that authorized by the jury's verdict or his own admissions. *Id.*

Separation of Powers

{¶ 10} Henderson also argues that the Reagan Tokes Law removes the power to increase a prisoner's sentence from the judicial to the executive branch of government in violation of the doctrine of separation of powers. He contends that the statute unconstitutionally empowers the executive branch, specifically the ODRC, to prosecute an inmate, determine the inmate's guilt, and impose sentence accordingly in a manner akin to Ohio's R.C. 2967.11(B) "bad time" law, found unconstitutional by the Ohio Supreme Court and since repeated. *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 134, 2000-Ohio-116.

{¶ 11} This court has previously found that the Reagan Tokes Law does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25; *Rogers* at ¶ 11. Furthermore, the Second, Third, and Eighth Appellate Districts have rejected Henderson's comparison to R.C. 2967.11(B), specifically finding there to be no violation of the doctrine of separation of powers.[2]

{¶ 12} The Reagan Tokes Law is "consistent with established Ohio Supreme Court authority, which has held that when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." (Citation omitted.) *Suder* at ¶ 25. When the ODRC rebuts the presumption that the offender is to be released at the conclusion of the minimum

---

2. *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 23; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 27; *Gamble*, 2021-Ohio-1810, at ¶ 37-40. *But see Delvallie*, 2021-Ohio-1809, at ¶ 55 (holding that the Reagan Tokes Law violates the doctrine of separation of powers). As noted above, *Gamble* and *Delvallie* are scheduled for *en banc* consideration by the Eighth District.

sentence, it lacks authority to lengthen an offender's incarceration beyond the maximum prison term already imposed by the court. *See* R.C. 2967.271(D). The court thus imposes the sentence, and the ODRC is bound to the court's determination. *Suder* at ¶ 25. We therefore reiterate our prior holding and find that the Reagan Tokes Law does not violate the doctrine of separation of powers. *Id.* at ¶ 27.

Due Process

{¶ 13} Henderson further argues that the Reagan Tokes Law violates his due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. Specifically, he argues that the bases contained in R.C. 2967.271(C) for the ODRC to rebut the presumption that a prisoner will be released at the conclusion of his or her minimum term provide insufficient notice to the prisoner and deny him or her a fair proceeding.

{¶ 14} This court has repeatedly determined that the Reagan Tokes Law does not violate an offender's due process rights. *See Guyton*, 2020-Ohio-3837, at ¶ 17 (the Reagan Tokes Law "does not run afoul of an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution"), *Suder*, 2021-Ohio-465, at ¶ 27 ("Simply stated, the Reagan Tokes Law does not violate an offender's due process rights * * *"). *See also State v. Jackson*, 12th Dist. Butler No. 2020-07-077, 2021-Ohio-778, ¶ 15 (holding that the provisions of R.C. 2967.271 specifically, do not run afoul of an offender's due process rights). The Second, Third, and Eighth Appellate Districts have also held that the Reagan Tokes Law does not violate a defendant's due process rights.[3]

---

3. *Ferguson*, 2020-Ohio-4153, at ¶ 26; *Hacker*, 2020-Ohio-5048, at ¶ 21–22; *Gamble*, 2021-Ohio-1810, at ¶ 37-40. The Eighth District, however, recently issued two decisions finding the Reagan Tokes Law is violative of due process. *State v. Daniel*, 8th Dist. Cuyahoga No. 109583, 2021-Ohio-1963, ¶ 44; *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, ¶ 44. We find the analysis therein unpersuasive.

{¶ 15} "[A]t minimum, due process requires notice and the opportunity to be heard." *Guyton* at ¶ 11 (Citation omitted.).  The Reagan Tokes Law states that in order to rebut the presumption of the minimum term, the ODRC must make a particular statutory determination "at a hearing."  R.C. 2967.271(C) and (D).   This is confirmed by R.C. 2967.271(E), which states that the ODRC,

> [S]hall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate.

{¶ 16} We have held that since R.C. 2967.271 provides the opportunity for notice and a hearing, it does not violate a defendant's due process.  *Guyton* at ¶ 17.  To ensure due process, such proceedings must be conducted in a manner detailed by the United States and Ohio Supreme Courts.  *State v. Miller*, 42 Ohio St.2d 102, 104 (1975), citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756 (1973).  *See also Guyton* at ¶ 14.  The procedures enumerated in R.C. 2967.271 more than satisfy these due process requirements.  We therefore again find that the Reagan Tokes Law does not run afoul of an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.  *Guyton* at ¶ 14.

{¶ 17} Appellant's assignment of error is overruled.

{¶ 18} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.