[Cite as *State v. Walker*, 2022-Ohio-1546.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-122 |
| | : | O P I N I O N |
| - vs - | | 5/9/2022 |
| | : | |
| JALEN L. WALKER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-01-0100


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.



**BYRNE, J.**

{¶1}   Jalen Walker appeals his sentence in the Butler County Court of Common Pleas.  For the reasons described below, we affirm.

{¶2}   In March 2021, a Butler County Grand Jury indicted Walker on five counts, consisting of charges of possession of fentanyl, possession of methamphetamine, falsification, illegal use or possession of drug paraphernalia, and driving under suspension.

Walker subsequently agreed to withdraw his former not guilty plea and enter into a negotiated plea agreement with the state. As part of the plea, Walker agreed to plead guilty to possession of fentanyl (and its accompanying forfeiture specification). The state agreed to dismiss the remaining counts.

{¶3} Walker appeared for a plea hearing. The court accepted Walker's plea, found Walker guilty of the agreed count, and continued the matter for sentencing. At the sentencing hearing, the court imposed an indefinite prison term of a minimum of five years and a maximum of seven and one-half years in prison under R.C. 2967.271, i.e., the Reagan Tokes Law. There is no dispute that Walker did not raise any challenge to the constitutionality of the Reagan Tokes Law at the trial court level.

{¶4} Walker appealed, raising the following sole assignment of error:

{¶5} DEFENDANT'S INDEFINITE SENTENCE IS UNCONSTITUTIONAL.

{¶6} Walker challenges the constitutionality of the Reagan Tokes Law, as set forth in R.C. 2967.271, on the basis that it violates his due process rights under the 14th Amendment to the United States Constitution. However, as noted above, Walker never raised this issue with the trial court. We have repeatedly held that arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court. *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; and *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8.

{¶7} Moreover, even if Walker had not forfeited this argument, this court has repeatedly rejected due process challenges to the constitutionality of Reagan Tokes Law. *State v. Henderson*, 12th Dist. Warren No. CA2020-11-072, 2021-Ohio-3564, ¶ 14; *State*

*v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 15; *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 27; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

{¶8} Given our precedent declining to hear arguments challenging the constitutionality of the Reagan Tokes law in cases where the issue was not first raised with the trial court, we overrule Walker's sole assignment of error.

{¶9} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.