[Cite as *State v. Eshack*, 2022-Ohio-1734.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J.. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021CA0010 |
| STEPFANIE ESHACK | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Coshocton County Court of Common Pleas, Case No 2020 CR 0098

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 24, 2022

APPEARANCES:

For Plaintiff-Appellee

JASON GIVEN
Prosecuting Attorney
BY: CHRISTIE THORNSLEY
Assistant Prosecutor
318 Chestnut St.
Coshocton, OH 43812

For Defendant-Appellant

GEORGE URBAN
116 Cleveland Avenue
Suite 808
Canton, OH 44702

*Gwin, J.,*

{¶1} Appellant Stepfanie Eshack appeals from the December 10, 2020 judgment entry of the Coshocton County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On August 21, 2020, appellant was indicted on one count of aggravated trafficking in drugs (methamphetamine), a felony of the second degree, in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(1)(c). Appellant pled guilty to the offense at a hearing on October 29, 2020. The trial court issued a judgment entry finding appellant guilty on November 4, 2020, and ordered a pre-sentence investigation.

{¶3} The trial court held a sentencing hearing on December 3, 2020, and issued a final sentencing judgment entry on December 10, 2020. The trial court sentenced appellant to a mandatory indefinite prison sentence with a mandatory minimum term of six (6) years and a maximum term of nine (9) years, and three years of mandatory post-release control. Appellant was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. In its judgment entry, the trial court stated it advised appellant regarding the Reagan Tokes Act.

{¶4} Appellant appeals the December 10, 2020 judgment entry of the Coshocton County Court of Common Pleas and assigns the following as error:

{¶5} "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST-AND SECOND-DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶6} "II. [APPELLANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

{¶7} In her first assignment of error, appellant contends the Reagan Tokes Act is unconstitutional. Specifically, she argues the Reagan Tokes Act violates her constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

{¶8} For the reasons stated in my dissenting opinion in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and also by the Eighth District sitting en banc. See e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4154; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶9} Appellant's first assignment of error is overruled.

II.

{¶10} In her second assignment of error, appellant argues her trial counsel was ineffective for failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶11} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. *Id.*

{¶12} Because we have found R.C. 2967.271 to be constitutional, appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

{¶13} Appellant's second assignment of error is overruled.

{¶14} Based on the foregoing, appellant's assignments of error are overruled.

{¶15} The December 10, 2020 judgment entry of the Coshocton County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Hoffman, J., concur