[Cite as *State v. Kimes*, 2022-Ohio-2759.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 21 CAA 10 0055 |
| DAVID W. KIMES, II. | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:          Criminal apppeal from the Delaware County
                                                                Court of Common Pleas, Case No. 21 CR I
                                                                02 0102

JUDGMENT:                                         Affirmed

DATE OF JUDGMENT ENTRY:          August 8, 2022

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

MELISSA A. SCHIFFEL                          WILLIAM T. CRAMER
Delaware Prosecutor                               470 Olde Worthington Road, Ste 200
BY: JACQUELINE JAEL RAPIER            Worthington, OH 43082
Assistant Prosecutor
145 N. Union Street, 3rd Floor
Delaware, OH 43015

*Gwin, J.,*

{¶1} Appellant David W. Kimes, II appeals his sentence from the Delaware County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In February of 2021, appellant was indicted on the following counts: three counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1), felonies of the second degree; nine counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(3), felonies of the fifth degree; three counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree, and three counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), felonies of the fourth degree.

{¶3} Pursuant to a plea agreement, appellant pled guilty to Counts 1, 3, 7, 11, 13, 15, 16, 17, and 18, while the State of Ohio dismissed Counts 2, 4, 5, 6, 8, 9, 10, 12, and 14. As part of the plea agreement, the parties agreed to a recommend a minimum indefinite prison term of 8 to 30 years, consecutive to the prison terms imposed in two separate 2019 cases from Delaware County.

{¶4} The trial court held a change of plea and sentencing hearing on October 5, 2021. At the plea hearing, appellant asked his counsel to give a brief statement of facts as to the charges. Appellant had a Google account that contained various images that would be classified as child pornography. Google identified the images, and reported them to the Delaware County Police Department. The police department traced the images back to a phone in appellant's name.

{¶5} Counsel for the State of Ohio also reviewed the facts surrounding the indictment in this case. From August 1, 2019 to November 1, 2019, appellant possessed images of child pornography on his phone. There were hundreds of images of explicit and nudity-oriented material involving children. The victims ranged in age from two years old to seventeen years old. This occurred while appellant was on bond in a previous case for similar activity. In Counts 1, 3, and 7, the victims were identified as family members of appellant, and appellant's arms and hands can be seen in these photographs physically manipulating the clothing of the minor child to expose the child's genitalia.

{¶6} Counsel for the State of Ohio also referenced the sentencing memorandum it filed on October 4, 2021. In the memorandum, appellee argued any prison sentence less than thirty years would demean the seriousness of the conduct because: appellant knew several of the victims, as many of them were small children in his family; and the images in the current case were produced and retained while appellant was released on bond in a 2019 case, a separate child pornography case. Appellee argued the court should consider the following factors making appellant's conduct more serious: all of the victims are minors, with the majority of them being less than ten years old; sexual victimization of a child leaves lasting damage; and appellant knew several of the children and used his familial relationship to gain access to them. As to recidivism factors, appellee contended the trial court should consider the following: appellant was on bond and under indictment in a case involving child pornography when he committed these offenses; appellant has an extensive criminal history, with multiple prison sentences; and appellant's actions have gotten increasingly worse with time.

{¶7} During the sentencing hearing, counsel for the State of Ohio reviewed appellant's extensive criminal history, including the following: 2006 convictions for criminal damaging and criminal mischief; 2007 conviction for theft; 2009 convictions for unlawful sexual conduct with a minor and obstructing justice; 2011 and 2012 convictions for disorderly conduct; 2014 convictions for failure to provide notice of change of address and receiving stolen property; 2015 conviction for disorderly conduct; 2019 convictions for pandering sexually oriented matter involving a minor, and a 2019 conviction for aggravated possession of drugs. Appellant also had several community control and/or post-release control violations.

{¶8} Counsel for appellant argued for an eight-year sentence, stating the images were stored on appellant's phone and not actually shared with anyone, and argued appellant suffers from serious mental illness. Appellant apologized for his actions.

{¶9} The trial court stated it considered the remarks made during the sentencing hearing, the recidivism and seriousness factors, the State of Ohio's sentencing memorandum, and the pre-sentence investigation in one of appellant's previous cases.

{¶10} The trial court found consecutive sentences are necessary to protect the public from future crime and punish appellant, and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. Further, the trial court found two or more of these multiple offenses were committed as part of a course of conduct and the harm caused by the multiple offenses was so great that no single prison term for any one of the offenses committed as part of that course of conduct adequately reflects the seriousness of appellant's conduct. Finally,

the trial court found appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶11} The trial court sentenced appellant to indefinite prison terms of eight to twelve years on each of the second-degree felonies and prison terms of twelve months on each of the fifth-degree felonies. The court imposed the prison terms of the second-degree felonies (Counts 1, 3, 7) consecutively, and the remaining counts concurrently for an aggregate indefinite prison term of twenty-four to twenty-eight years.

{¶12} The trial court entered a sentencing judgment entry on October 6, 2021. In the judgment entry, the trial court found consecutive sentences are necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Further, that the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant. Finally, that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶13} Appellant appeals the October 6, 2021 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶14} "I. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT CONSECUTIVE SENTENCES.

{¶15} "II. INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE GRAND JURY GUARANTEE, THE DOCTRINE OF

SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER FEDERAL AND STATE CONSTITUTIONS."

I.

{¶16} In his first assignment of error, appellant argues the trial court erred in sentencing him to consecutive sentences.

{¶17} The parties agreed to run the sentence in this case consecutive to appellant's sentences on the 2019 cases from Delaware County.  Accordingly, appellant's argument in this assignment of error is restricted to the consecutive sentences imposed on the three second-degree felony counts, Count 1, 3, and 7.

{¶18}  R.C. 2929.14(C)(4) addresses consecutive sentences.  That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protection the public from future crime by the offender.

**{¶19}** When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶20}** Appellant concedes that the trial court made the requisite statutory findings to impose consecutive sentences at the sentencing hearing and in the sentencing entry under R.C. 2929.14(c)(4). However, appellant argues the record does not support such findings. Appellant asserts a single term would adequately reflect the seriousness of the offenses because the photographs were stored on a private phone and were never shared with anyone. Further, that appellant is more a danger to himself than the community, as evidenced by the fact that he needs psychiatric assistance and substance abuse treatment.

**{¶21}** During the sentencing hearing, the trial court considered the purposes and principles of sentencing as well as the seriousness and recidivism factors. The trial court

found consecutive sentences were necessary to protect the public, to punish appellant, and were not disproportionate to the crimes he committed. The trial court specifically noted appellant's lengthy criminal history, and the fact that he was out on bond on charges for pandering sexually oriented matter involving a minor when he committed these crimes.

{¶22} We find the trial court's sentencing on the charges complies with all applicable rules and sentencing statutes. Upon our review of the record of the sentencing hearing and the judgment entry, the trial court engaged in the appropriate analysis and made the requisite findings. We cannot say that we clearly and convincingly find that the trial court's order for consecutive service was not supported by the R.C. 2929.14(C) factors or that it was contrary to law. The sentence was supported by the record. Appellant's first assignment of error is overruled.

II.

{¶23} In his second assignment of error, appellant contends the Reagan Tokes Act is unconstitutional. Specifically, he argues the Reagan Tokes Act violates his constitutional right to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

{¶24} For the reasons stated in my dissenting opinion in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and also by the Eighth District sitting en banc. See e.g., *State v. Ferguson*, 2nd Dist.

Montgomery No. 28644, 2020-Ohio-4154; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶25} Appellant's second assignment of error is overruled.

{¶26} Based on the foregoing, appellant's assignments of error are overruled.

{¶27} The October 6, 2021 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Delaney, J., concur