[Cite as *State v. Rogers*, 2021-Ohio-3282.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-02-010 |
| Appellee, | : | O P I N I O N<br>9/20/2021 |
| | : | |
| - vs - | : | |
| | : | |
| JAMES PATRICK ROGERS aka<br>JAMES P. RODGERS, | : | |
| | : | |
| Appellant. | | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-08-1199


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.


**M. POWELL, J.**

{¶ 1} Appellant, James Patrick Rogers, appeals his indefinite prison sentence imposed by the Butler County Court of Common Pleas for aggravated drug trafficking. Appellant was sentenced pursuant to the newly enacted Reagan Tokes Law.

{¶ 2} Appellant was indicted in August 2019 on six felony offenses and one misdemeanor offense. Pursuant to plea negotiations, appellant pled guilty to one count of

aggravated drug trafficking, a second-degree felony, one count of having weapons while under disability, a third-degree felony, and one count of cocaine possession, a fifth-degree felony. The plea form signed by appellant indicated that appellant faced a mandatory fine of $7,500 on the aggravated drug trafficking count as a result of pleading guilty. The trial court, however, did not advise appellant of the $7,500 mandatory fine during the plea hearing. The trial court sentenced appellant to an indefinite prison term of four to six years for the aggravated drug trafficking offense, a consecutive 36-month prison term for the having weapons while under disability offense, and a concurrent 12-month prison term for the cocaine possession offense.

{¶ 3} Appellant appealed his conviction and sentence. This court vacated appellant's guilty plea, finding that the trial court's total failure to inform appellant of the mandatory fine, before it accepted the guilty plea, constituted a complete failure to comply with Crim.R. 11(C)(2)(a), and therefore, appellant's guilty plea was not knowingly, intelligently, and voluntarily made. *State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102. The matter was remanded to the trial court.

{¶ 4} On February 4, 2021, appellant and the state entered into another plea agreement. The terms of appellant's guilty plea were identical to the terms of his first guilty plea. After the trial court accepted the guilty plea, the matter proceeded to sentencing. Appellant and his trial counsel unsuccessfully challenged the constitutionality of the Reagan Tokes Law. Thereafter, the trial court once again sentenced appellant to an indefinite prison term of four to six years for the aggravated drug trafficking offense, a consecutive 36-month prison term for the having weapons while under disability offense, and a concurrent 12-month prison term for the cocaine possession offense.

{¶ 5} Appellant appeals, raising one assignment of error:

{¶ 6} AS AMENDED BY THE REAGAN TOKES ACT, OHIO REVISED CODE

2929.14(A)(1)(a) AND (A)(2)(a) AS APPLIED TO QUALIFYING FIRST AND SECOND DEGREE FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO, THUS MAKING APPELLANT'S SENTENCE UNCONSTITUTIONAL.

{¶ 7}  Appellant challenges the constitutionality of Ohio's indefinite sentencing structure under the Reagan Tokes Law as set forth in R.C. 2967.271.  The Reagan Tokes Law became effective on March 22, 2019.  Appellant committed the offenses in the case in the summer of 2019; thus, the Reagan Tokes Law applies to his second-degree felony aggravated drug trafficking.

{¶ 8}  Under the Reagan Tokes Law, qualifying first-and second-degree felonies committed on or after March 22, 2019, are now subject to the imposition of indefinite sentences.  The indefinite terms consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by a statutory formula set forth in R.C. 2929.144.  The maximum term equals the minimum term imposed on the offender plus 50 percent of that term.

{¶ 9}  It is rebuttably presumed that an offender sentenced under the Reagan Tokes Law will be released upon completion of the offender's minimum term.  R.C. 2967.271(B). However, the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut that presumption of release if it finds, at a hearing, that any of the factors set forth in R.C. 2967.271(C)(1), (2), and (3) apply.  If the ODRC rebuts the presumption, it may keep the offender in prison for an additional "reasonable period," but the additional time "shall not exceed the offender's maximum prison term."  R.C. 2967.271(C).

{¶ 10} Appellant argues that the Reagan Tokes Law is unconstitutional because it violates an offender's right to due process and the separation-of-powers doctrine.

{¶ 11} It is well established that statutes are presumed constitutional. *State v. Lowe*,

112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17; *State v. Cook*, 83 Ohio St.3d 404, 409, 1998-Ohio-291. This court has already found that the Reagan Tokes Law does not violate an offender's right to due process or the separation-of-powers doctrine. *See State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465; *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Likewise, the Second and Third Districts have held that the Reagan Tokes Law does not violate an offender's due process rights or the separation-of-powers doctrine. *See, e.g., State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048.

{¶ 12} We note that appellant cites the Hamilton County Court of Common Pleas' decision in *State v. Oneal*, Hamilton C.P. No. B 1903562 (Nov. 20, 2019), a case that has found the Reagan Tokes Law unconstitutional, in support of his argument. However, "[t]he reasoning set forth in that decision * * * has been roundly rejected by every court that has had the opportunity to address it." *Suder* at ¶ 27, citing *Ferguson* at ¶ 26; and *Hacker* at ¶ 18-22. "We join those courts and similarly reject the reasoning set forth in *Oneal* finding the Reagan Tokes Law unconstitutional. Simply stated, the Reagan Tokes Law does not violate an offender's due process rights or the separation-of-powers doctrine." *Suder* at ¶ 27.

{¶ 13} Appellant further argues that the Reagan Tokes Law is unconstitutional because it violates an offender's constitutional rights to trial by jury. Specifically, appellant asserts that the presumptive-release provisions of R.C. 2967.271 violates his right to a trial by jury in that it permits ODRC (and not the jury) to engage in fact-finding increasing the offender's minimum prison term in violation of the Sixth Amendment of the United States Constitution and Article I, Section 5 of the Ohio Constitution. Appellant cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122

S.Ct. 2428 (2002), in support of his argument.

{¶ 14} In *Apprendi*, a jury convicted the defendant of a firearm crime that carried a maximum prison sentence of ten years. However, a judge subsequently sought to impose a longer sentence pursuant to a statute that authorized him to do so if he found, by a preponderance of the evidence, that the defendant had committed the crime with racial bias. *Apprendi* held this scheme unconstitutional: "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant. *Apprendi* at 490. Nor may a state evade this traditional restraint on the judicial power by simply calling the process of finding new facts and imposing a new punishment a judicial "sentencing enhancement." *Id.* at 495. "[T]he relevant inquiry is one not of form, but of effect – does the required [judicial] finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494.

{¶ 15} "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (Emphasis sic.) *Blakely v. Washington*, 542 U.S. 296, 303, 122 S.Ct. 2428 (2004). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Emphasis sic.) *Id.* at 303-304; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 121.

{¶ 16} In *Ring*, a jury convicted the defendant of felony murder, a crime that carried a maximum sentence of life imprisonment. However, a state statute allowed the trial judge to impose the death penalty if he found, independent of the jury, at least one aggravating factor. Extending the rule of *Apprendi* to capital punishment, the United States Supreme Court found the sentencing scheme violative of the Sixth Amendment right to a jury trial

because the required judicial finding of an aggravated circumstance exposed the defendant to greater punishment than authorized by the jury's verdict. *Ring*, 536 U.S. at 609; *State v. McKelton*, 12th Dist. Butler No. CA2017-07-106, 2018-Ohio-1357, ¶ 8.

{¶ 17} The Reagan Tokes sentencing scheme is unlike those involved in *Apprendi*, *Ring*, and *Blakely*. Under the Reagan Tokes Law, the trial court imposes both a minimum and a maximum term, and the indefinite prison sentence must be included in the final entry of conviction. R.C. 2929.14 and 2929.144. The only sentencing discretion provided to the trial court lies with the length of the minimum term under R.C. 2929.14(A)(1)(a) and (A)(2)(a); the maximum term is determined based upon a mathematical formula as applied to the minimum term of imprisonment. The maximum prison term component of a Reagan Tokes indefinite sentence is therefore authorized by the jury's guilty verdict and is not based upon factors not submitted to the jury. The defendant is not exposed to greater punishment than that authorized by the jury's verdict.

{¶ 18} Once imposed by the trial court, the indefinite sentence is then implemented by ODRC. ODRC simply enforces the sentence imposed by the trial court and its review is limited to determining the offender's release date. R.C. 2967.271 establishes a presumptive release date upon completion of the minimum term. Once the minimum term is served, ODRC may rebut the presumption of release under certain conditions and enforce the remainder of the maximum term already imposed by the trial court. R.C. 2967.271(B). However, "[t]hat codified process does not alter the fact that the trial court imposed a maximum term as calculated under R.C. 2929.144." *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, ¶ 35. In rebutting the presumption of release, ODRC "is not extending the defendant's prison term or imposing its own sentence for violations that occur while the offender is serving the imposed term of imprisonment." *Id.* at ¶ 7. In other words, ODRC does not "increase" a penalty based upon facts not found by a jury but merely

administers the sentence already imposed by the trial court for conviction of an offense for which the offender has the right to a jury trial.

{¶ 19} In a concurring opinion in *State v. Wolfe,* 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, Judge Gwin rejected a challenge to the Reagan Tokes Law as violative of the right to a jury trial, reasoning that

> Under the Reagan Tokes Law, the judge imposes both a minimum and a maximum sentence. Judicial fact-finding is not required. In Ohio, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, paragraphs 1 and 11. The Department of Rehabilitation and Correction ("DRC") is not permitted to extend a sentence imposed by the trial court beyond the maximum sentence imposed by the trial court. Further, the facts which postpone an inmate's release date are facts found as a result of prison disciplinary proceedings, not the underlying crime. To extend Wolfe's argument to its logical end it would be necessary for the courts to invalidate punishment as a result of internal prison disciplinary proceedings entirely, or require all rule infractions to be tried before a jury.
>
> It is evident that *Apprendi* and its progeny have no application in a prison disciplinary setting where the DRC does not have the authority to extend the inmate's sentence beyond the maximum sentence imposed by the trial judge.

*Id.* at ¶ 61-62.

{¶ 20} Unlike the sentencing scheme in *Apprendi* and *Ring*, there is "no discretion exercised by the trial court in imposing the maximum term" under the Reagan Tokes Law, and "nothing within any provision codified under the Reagan Tokes Law permits any branch of government to impose a sentence beyond the maximum term as defined under R.C. 2929.144." *Gamble,* 2021-Ohio-1810 at ¶ 44. The Reagan Tokes Law therefore does not violate an offender's constitutional rights to trial by jury. *Id.; contra State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-1809.

{¶ 21} Appellant's assignment of error is overruled.

{¶ 22} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.