[Cite as *State v. Runion*, 2022-Ohio-2461.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-095 |
| | : | O P I N I O N |
| - vs - | | 7/18/2022 |
| | : | |
| LANCE RUNION, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CR37880

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Ostrowski Law Firm Co., L.P.A., and Andrea G. Ostrowski, for appellant.

**PIPER, J.**

{¶1} In April 2021, Lance Runion was indicted on one count of attempted aggravated murder, one count of attempted murder, and one count of felonious assault. Each count of the indictment was accompanied by a three-year firearm specification pursuant to R.C. 2941.145(A) and a seven-year firearm specification pursuant to R.C. 2941.1412(A). After pleading guilty to the indictment as charged, Runion timely appeals

his sentence.

{¶2} The charges stemmed from an incident that occurred on February 15, 2021 between Runion and Warren County law enforcement. That day, four Warren County Sheriff's deputies were dispatched to Runion's home to perform a wellness check because it had been reported that Runion was going to harm himself. Upon arriving, Deputy Sara Vaught approached Runion's home to make contact with him. When Deputy Vaught reached Runion's front porch, he opened the door and fired his weapon directly at the deputy's head. Deputy Vaught narrowly dodged the bullet and sustained only minor physical injuries as a result. Notwithstanding her minor physical injuries, the deputy suffered significant long-term and severe psychological distress from the incident. The entire altercation was recorded by Runion's doorbell camera, which was played and described for the trial court at Runion's sentencing hearing. In its description, the state indicated Runion can be heard stating, "You're dead" approximately two minutes before Deputy Vaught reached the front porch.

{¶3} In August 2021, Runion pled guilty to the charges of the indictment and the matter proceeded to sentencing. Many of the charges and specifications merged for sentencing purposes, and the state elected to proceed with the attempted aggravated murder charge and its accompanying seven-year firearm specification. At the sentencing hearing, the trial court heard statements from the state, Deputy Vaught, defense counsel, and Runion himself. After considering their statements, as well as reviewing the doorbell camera footage and the presentence-investigative report, the trial court sentenced Runion to an indefinite prison term of 10 to 15 years for the attempted aggravated murder charge, and a consecutive seven-year prison term for the firearm specification.

{¶4} Runion now appeals, raising two assignments of error for our review.

{¶5} Assignment of Error No. 1:

- 2 -

{¶6}    THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE (SIC) PLED TO THE INDICTMENT AND THEN OFFERED NO EVIDENCE AT SENTENCING FOR MITIGATION.[1]

{¶7}    Runion argues his trial counsel was ineffective in failing to provide better mitigation evidence, thus causing the trial court to sentence him to one year less than the maximum sentence.  Specifically, Runion argues that trial counsel "offered no evidence of support or mitigation to the trial court," despite comments from Deputy Vaught at the sentencing hearing that others described Runion as a fine, upstanding citizen with no criminal history, an ex-corrections officer, a teacher, and a pillar of the community.

{¶8}    Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  *State v. Conway*, 108 Ohio St. 3d 214, 2006-Ohio-791, ¶ 165.  *Strickland* requires a defendant to "'prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance.'"  *State v. Combs*, 12th Dist. Clermont No. CA2020-01-004, 2020-Ohio-5397, ¶ 22, quoting *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 10, citing *Strickland*.  The failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel.  *State v. Brewer*, 12th Dist. Brown No. CA2020-11-008, 2021-Ohio-2289, ¶ 7.  "'[T]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.'"  *Id.*, quoting *State v. Smith*, 12th Dist. Fayette No. CA2006-08-030, 2009-Ohio-197, ¶ 49.

---

1. The above-quoted assignment of error is found in the body of Runion's appellate brief.  The brief's table of contents states a different assignment of error: "THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS, AND THE VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."  Because this assignment of error is not related to the substance of Runion's argument, we assume that it was included in the brief in error and that Runion's actual assignment of error is the one found in the body of Runion's brief and quoted above.  *See Chasteen v. Dix Rd. Prop. Mgmt., L.L.C.*, 12th Dist. Butler Nos. CA2020-04-055, CA2020-04-056, 2021-Ohio-463, fn. 3.

{¶9}   While Runion argues that trial counsel "offered no evidence of support or mitigation to the trial court," the record reflects otherwise.  Specifically, the record indicates that trial counsel advocated for a lesser sentence and presented significant mitigation evidence in support.  Trial counsel highlighted to the trial court that Runion was 57 years old, had no prior criminal history, had been married for 23 years, and held a master's degree.  Trial counsel also noted that Runion was formerly in law enforcement, i.e., a corrections officer, and that he assisted in the Lucasville prison riots.  Trial counsel further noted that, after ending his career in law enforcement, Runion continued teaching, coaching, and working as an intervention specialist in the community until he retired.  Trial counsel also discussed Runion's serious health conditions, including suffering multiple gunshots from the incident that brought him before the court.  Counsel also referenced Runion's existing liver and kidney issues, as well as his mental health diagnoses of post-traumatic stress disorder, depression, anxiety, and early onset dementia.

{¶10}   In concluding, trial counsel stated the following:

> I think it's clear, based on his resume, based on his character, based on the – the amount of support that he has * * * [Runion] has – has spent his life servicing this community in one form or another.  And I think it's clear that's had an impact on several – on numerous people.
>
> And that's why, in knowing [Runion], in getting to know [Runion] through this, this incident was completely out of character for him. * * *
>
> I can speculate all day and my thought would be [this incident] was a combination of his mental health issues, medications he was on and – and consuming alcohol that night because this was – this was something that in 57 years of – of his life, that it's just completely out of character. * * *
>
> But I know he deeply regrets his actions.  He's been extremely remorseful. * * *  My client has accepted responsibility.  He pled guilty as charged and – and realizes he's facing a significant prison sentence.

The reality with that, too, is the – the very real possibility either himself or his wife, who also has significant health issues, may not survive that incarceration.

So we'd just ask the Court to take those things in consideration when imposing a sentence on [Runion].

**{¶11}** Notwithstanding the above, Runion claims his trial counsel should have presented more evidence to mitigate his sentence. That is, Runion argues his counsel should have specifically noted the seriousness and recidivism factors for the trial court, directed the trial court to consider R.C. 2929.12(C)(4), and submitted extrinsic evidence and witness testimony in support of mitigation. However, as this court has noted, the extent to which counsel presents mitigation evidence at a sentencing hearing is a matter of trial strategy. *Brewer*, 2021-Ohio-2289 at ¶ 14, citing *State v. Gleckler*, 12th Dist. Clermont No. CA2009-03-021, 2010-Ohio-496, ¶ 14. The same is true for counsel's "decision to call or not call a mitigation witness[.]" *State v. Myers*, 12th Dist. Warren No. CA2019-07-074, 2021-Ohio-631, ¶ 125, citing *State v. Graham*, 164 Ohio St. 3d 187, 2020-Ohio-6700, ¶ 139. It is well settled that "even debatable trial tactics and strategies do not establish ineffective assistance of counsel." *State v. Cunningham*, 12th Dist. Butler No. CA2017-03-034, 2018-Ohio-912, ¶ 25. Thus, after reviewing the record and the evidence offered in mitigation by trial counsel at the sentencing hearing, we conclude that trial counsel's presentation of the mitigation evidence was not deficient and did not render Runion's counsel ineffective.

**{¶12}** Even if we were to assume that counsel's presentation of mitigation evidence amounted to deficient performance, we are unable to conclude that Runion was prejudiced. Although Runion does not specifically state how he was prejudiced by counsel's performance at the sentencing hearing, he suggests that presenting additional evidence via witness testimony and extrinsic documents would have been more effective in reducing his

sentence. Despite Runion's claims, there is nothing in the record to indicate the trial court would have sentenced Runion any differently than it did had counsel offered additional mitigating circumstances via documentation or witness testimony. *See State v. McIntosh*, 12th Dist. Butler Nos. CA2006-03-051, CA2006-10-282, and CA2007-10-241, 2008-Ohio-5540, ¶ 41-42.

{¶13} We likewise find Runion cannot establish any prejudice from his counsel's decision not to present evidence regarding the underlying details of the wellness check. From the statements made at the hearing, the trial court was aware of Runion's history of mental illness and that the deputies were requested to conduct a wellness check on Runion. Runion does not identify what additional evidence concerning the wellness check would have revealed to the trial court, nor does he indicate how such evidence would have resulted in his sentence being less. Under these facts, we decline to speculate that additional testimony from friends or family members familiar with Runion's behavior the day of, or immediately prior to, the incident would have reduced his sentence in any way.

{¶14} Moreover, we note that the mitigation evidence referenced by Runion on appeal is largely cumulative of the evidence trial counsel presented to the trial court at the sentencing hearing. The Ohio Supreme Court has stated that "[a]dditional mitigating evidence that is 'merely cumulative' of that already presented does not undermine the results of sentencing." *State v. Herring*, 142 Ohio St.3d 165, 2014-Ohio-5228, ¶ 117. Instead, "the new evidence * * * must differ in a substantial way — in strength and subject matter — from the evidence actually presented at sentencing." *Id.* Here, although Runion clearly disagrees with his counsel's strategy and presentation methods, he has not directed this court to any evidence that differs in a substantial way from the evidence actually presented at the sentencing hearing.

{¶15} As in *Strickland,* we note that the right to counsel means the right to the

effective assistance of counsel. *Strickland* at 686. However, judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Notably, representation is an art, and an act or omission appearing unprofessional in one case may be sound or even brilliant in another case. *Id.* at 693. Due to "the profound importance of finality in criminal proceedings" any alleged error must be one that "undermines the reliability of the result of the proceeding." *Id.* at 693, 699-700 (determining that counsel's strategic decision not to seek more character or psychological evidence in mitigation was within the range of professionally reasonable judgment).

{¶16} We find no such error here. It is evident from the record that the trial court considered the relevant mitigating evidence before making its sentencing determination, including the relevant seriousness and recidivism factors, as well as Runion's lack of a criminal record, his physical ailments and mental health diagnoses, and his acknowledgment of guilt and guilty plea. Despite these mitigating factors, the trial court clearly gave significant weight to the egregious nature of Runion's conduct and his inability to offer any explanation for his actions. Thus, although Runion believes his counsel should have offered additional and better evidence to mitigate his sentence, none of the evidence Runion now argues his counsel should have offered in mitigation would have minimized the trial court's primary concerns in this case. Consequently, we find there is nothing in the record to suggest that additional mitigation evidence would have impacted the trial court's sentencing determination.

{¶17} Accordingly, for the reasons stated above, we find no merit to Runion's claim of ineffective assistance of counsel. Runion's first assignment of error is overruled.

{¶18} Assignment of Error No. 2:

{¶19} THE INDEFINITE SENTENCING SCHEME SET FORTH IN THE REAGAN TOKES LAW AND IMPOSED BY THE TRIAL COURT VIOLATES BOTH THE FEDERAL

AND STATE CONSTITUTION.

{¶20} In his second assignment of error, Runion challenges the constitutionality of the Reagan Tokes Law on the basis that it violates his due process rights, his constitutional right to a trial by jury, and the separation-of-powers doctrine.

{¶21} It is undisputed that Runion did not raise a challenge to the constitutionality of the Reagan Tokes Law with the trial court. As this court has repeatedly stated, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court." *State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 34, citing *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9.

{¶22} Moreover, even if Runion had not forfeited this argument, the arguments he now raises on appeal have been previously considered and rejected by this court. *State v. Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50. Specifically, this court has already determined that R.C. 2967.271 does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Henderson*, 12th Dist. Warren No. CA2020-11-072, 2021-Ohio-3564, ¶ 13-16; *see also State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 12-15; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 7-17. We have also determined that the Reagan Tokes Law does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25. Finally, we concluded that the Reagan Tokes Law does not impinge on an offender's constitutional right to a trial by jury. *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010,

2021-Ohio-3282, ¶ 20.

{¶23} Given this court's precedent, we overrule Runion's second assignment of error.

{¶24} Judgment affirmed.

M. POWELL P.J., and S. POWELL, J., concur.