[Cite as *State v. Dawson*, 2022-Ohio-2984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-099 |
| | : | O P I N I O N |
| - vs - | | 8/29/2022 |
| | : | |
| BRADY DAWSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2021-03-0268, CR2021-03-0269, and CR2021-03-0270

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.

**BYRNE, J.**

{¶1}   The Butler County Court of Common Pleas convicted Brady Dawson of two counts of aggravated robbery.  The trial court sentenced Dawson to an indefinite prison term pursuant to the Reagan Tokes Law.  Dawson appeals his sentence, arguing that the Reagan Tokes Law is unconstitutional.  For the reasons described below, we overrule Dawson's challenge to his prison term and to the Reagan Tokes Law and we affirm his

sentence.

## I. Procedural Background

{¶2}   A Butler County grand jury indicted Dawson on six counts of aggravated robbery with a deadly weapon in violation of R.C. 2911.01(A)(1), all felonies of the first degree.  All six counts included firearm specifications under R.C. 2941.145.

{¶3}   Dawson initially pleaded not guilty to all six counts.  However, Dawson later entered into a plea agreement with the state.  Pursuant to the agreement, Dawson entered guilty pleas to two of the six counts of aggravated robbery with a deadly weapon and to two of the six firearm specifications (Counts Two and Six).  In exchange, the state agreed to dismiss the remaining counts and specifications.

{¶4}   The trial court soon thereafter sentenced Dawson.  As to Count Two, the court sentenced Dawson, pursuant to the Reagan Tokes Law, R.C. 2967.271, to an indefinite prison term consisting of a minimum of 11 years to a maximum of 16.5 years.  As to Count Six, the court imposed an 11-year prison term to be served concurrently with Count Two, again pursuant to the Reagan Tokes Law.  Additionally, the court imposed consecutive three-year prison terms on each of the two gun specifications associated with Counts Two and Six.  Thus, Dawson was effectively ordered to serve an indefinite prison term of 11 to 16.5 years in prison, plus an additional six years on the gun specifications.[1]

## II. Law and Analysis

{¶5}   Dawson appeals, raising the following sole assignment of error:

{¶6}   THE REAGAN TOKES LAW IS UNCONSTITUTIONAL.

{¶7}   Dawson argues that the Reagan Tokes Law is unconstitutional because it violates his procedural due process rights under the Fourteenth Amendment, violates his

---

1. The trial court had previously informed Dawson that if the court imposed the maximum sentences, run consecutively, Dawson could serve 33.5 years in prison.

- 2 -

Sixth Amendment right to a trial by jury, and violates the Fourteenth Amendment prohibition against vague criminal laws. We will review these arguments separately after summarizing the Reagan Tokes Law and addressing the applicable standard of review.

## A. The Reagan Tokes Law

{¶8} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 9. The indefinite terms consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by a statutory formula set forth in R.C. 2929.144. *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002, 2021-Ohio-96, ¶ 10. The maximum term equals the minimum term imposed on the offender plus 50 percent of that term. *Hodgkin* at ¶ 9.

{¶9} An offender sentenced under the Reagan Tokes Law to a non-life felony indefinite prison term has a rebuttable presumption of release at the conclusion of the offender's minimum term. R.C. 2967.271(B) and (C). "However, the Ohio Department of Rehabilitation and Correction ('ODRC') may rebut that presumption of release if it finds, at a hearing, that any of the factors set forth in R.C. 2967.271(C)(1), (2), and (3) apply." *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 9. If the ODRC rebuts the presumption it may keep the offender in prison for an additional "reasonable period," but the additional time "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

## B. Standard of Review

{¶10} We have repeatedly held that "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court." *State v. Blaylock,*

12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7, *citing Hodgkin*, 2021-Ohio-1353 at ¶ 11; *State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 34-35; *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 39-40; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8.  "However, an appellate court 'has discretion to consider a forfeited constitutional challenge to a statute. We may review the trial court decision for plain error.'"  *State v. Rose*, 12th Dist. Butler No. CA2021-06-062, 2022-Ohio-2454, ¶ 30, *quoting State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16.  Dawson concedes that he did not object to his sentence under the Reagan Tokes Law, on constitutional grounds or otherwise, and that he is therefore limited to a review for plain error.

{¶11}  To constitute plain error there must be a deviation from a legal rule.  *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  Second, the error must be fundamental, palpable, and obvious on the record such that it should have been apparent to the court without an objection.  *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 30. Third, the error must have affected the defendant's substantial rights, that is, the error must have affected the outcome of the trial.  *Barnes* at 27.  An appellate court will take notice of plain error with "utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

### C. Due Process Rights

{¶12}  Dawson states that "Reagan Tokes violates procedural due process" under the Fourteenth Amendment, but he does not develop a legal argument in support of this contention.  Instead, Dawson concedes that this court has repeatedly determined that the Reagan Tokes Law does not infringe upon an offender's procedural due process rights

under the federal or Ohio constitutions. He is correct that we have so held. *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 40, fn. 3; *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 15; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

**{¶13}** After acknowledging our consistent precedents, Dawson focuses on a recent opinion of the Eighth District Court of Appeals, *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949. In that opinion, a panel of the Eighth District held that the Reagan Tokes Law was unconstitutional because it failed to provide certain minimum due process requirements. *Id.* at ¶ 30, 39. The *Sealy* opinion reversed a previous opinion in which a different Eighth District panel had held that the Reagan Tokes Law did not violate due process.[2] *Id.* Dawson argues that (1) *Sealy* conflicts with our opinions holding that the Reagan Tokes Law does not violate due process, so we should certify a conflict to the Ohio Supreme Court, and (2) the existence of *Sealy,* which "foreshadowed a constitutional violation" and was issued before Dawson's sentencing hearing, means that his trial counsel provided ineffective assistance.

**{¶14}** Dawson's request that we certify a conflict fails for two reasons. First, an appellant's brief is not the correct procedural vehicle for asking this court to certify a conflict to the Ohio Supreme Court. See App.R. 25 (setting forth the procedure for seeking certification of a conflict to the Ohio Supreme Court). Second, *Sealey* is no longer good law because the full Eighth District, sitting en banc, found that the Reagan Tokes Law *does not* violate due process and vacated *Sealey* in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 17, 56-88, 103. *Sealey* having been vacated, Dawson has not identified a conflict that could be certified.

_____

2. Months earlier, in *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, a different Eighth District panel found the Reagan Tokes Law provided adequate due process safeguards.

{¶15} Dawson's ineffective assistance argument also fails for two reasons. First, Dawson did not present us with an assignment of error alleging ineffective assistance of counsel. We will only determine an appeal on its merits based on the assignments of error set forth in the briefs. App.R. 12(A)(1)(b), (A)(2), and App.R. 16. *See State v. Roper*, 12th Dist. Clermont No. CA2021-05-019, 2022-Ohio-244, ¶ 44, fn. 4. Second, even if an ineffective assistance assignment of error were properly before us, and even if we only consider the case law that existed at the time of the sentencing hearing (that is, even if we ignore that *Delvallie* vacated *Sealey*), we would not find that Dawson's counsel provided ineffective assistance when he failed to argue a constitutional issue based on the non-binding holding of *Sealey*. This is the case because we have held that the failure to raise a constitutional challenge to the Reagan Tokes Law does not constitute ineffective assistance of counsel. *State v. Bond*, 12th Dist. Butler No. CA2021-08-103, 2022-Ohio-1628, ¶ 30; *State v. Abner*, 12th Dist. Warren No. CA2021-05-048, 2021-Ohio-4549, ¶ 25; *Hodgkin*, 2021-Ohio-1353 at ¶ 15-18. Dawson presents no argument here that would cause us to reevaluate our previous decisions on this issue.

{¶16} Dawson has not established plain error with respect to his due process argument.

**D. Jury Trial Right**

{¶17} Dawson next contends that the Reagan Tokes Law violates his Sixth Amendment jury trial right. Dawson acknowledges that this court has previously held that the Reagan Tokes Law does not violate an offender's constitutional right to trial by jury. *See State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 13-20. Dawson argues that our previous decision on this issue incorrectly relied on the United States Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), when in fact—he says—the correct case to analyze is *Alleyne v. United States*, 570

U.S. 99, 133 S.Ct. 2151 (2013). However, we rejected the same argument regarding *Alleyne* in a recent case. *State v. Rose*, 12th Dist. Butler No. CA2021-06-062, 2022-Ohio-2454, ¶ 32-37. We explained in *Rose* that *Alleyne* "is 'simply irrelevant to the Reagan Tokes Law,'" and concluded that "the Reagan Tokes Law does not violate appellant's constitutional rights to a trial by jury. Appellant's reliance on *Alleyne* is misplaced." *Id.* at ¶ 37. Dawson offers no persuasive reason why we should disturb our holding in *Rose.* Dawson has not established plain error with respect to his Sixth Amendment argument.

### E. Void for Vagueness

{¶18} Finally, Dawson argues that the Reagan Tokes Law is void for vagueness because it "fails to provide fair notice of the standards that elevate a sentence beyond the presumptive minimum term." In support, Dawson argues that "[a] high prison-security level is a factor that ODRC staff can use to elevate a minimum sentence" but neither the General Assembly nor administrative rulemaking have established the standards establishing prison-security levels. Instead, Dawson, referencing an ODRC administrative document that is not part of the record on appeal, states that the prison-security level standards are set and applied by the ODRC, and that those standards include "classification factors like gender, age, medical status, and criminal notoriety that are themselves unlawful." Dawson provides no further explanation or citation to authority. Dawson fails to articulate how the Reagan Tokes Law, itself, is vague. He simply states that the law is vague and poses hypothetical questions about how prison-security standards might be applied by the ODRC.

{¶19} We recently addressed the same argument in *Rose*, 2022-Ohio-2454:

> We find that [Rose] has failed to articulate how the Reagan Tokes Law is vague. She simply states the law is vague and poses hypothetical questions about how prison-security standards might be determined by the ODRC. She also references an ODRC administrative document that is not part of the record on appeal. Based on the limited argument that was presented in her appellate brief, the record on appeal, and the

standard for analyzing and recognizing plain error, we find that appellant has failed to demonstrate that the Reagan Tokes Law is void for vagueness or that the trial court committed plain error in imposing an indefinite sentence.

*Id.* at ¶ 39.

{¶20} Dawson's "void for vagueness" argument is indistinguishable from that made in *Rose.* Like Rose, Dawson fails to explain specifically how the text of the Reagan Tokes Law, itself, is vague. And Dawson, like Rose, offers only hypotheticals regarding the potential application of ODRC prison-security level standards set forth in a document that is not in the record in this case.

{¶21} Based on the argument presented, the record on appeal, and the plain error standard, and based on the reasoning set forth in *Rose*, we do not find that Dawson has demonstrated an obvious deviation from a legal rule. *Id.* Whatever merit may exist to arguments about the potential for an offender serving more than the minimum sentence because unlawful factors like gender and age may contribute to a particular prison-security level, those arguments are not properly before us and await resolution in a proper case. Dawson had not shown that the text of the Reagan Tokes Law itself is void for vagueness.

### III. Conclusion

{¶22} We have previously rejected the arguments that the Reagan Tokes Law is unconstitutional based on the argument that it violates an offender's constitutional due process rights or that it violates the constitutional right to trial by jury. We find that Dawson has failed to articulate how the Reagan Tokes Law is vague. Based on the foregoing, Dawson has failed to establish that the trial court committed plain error by imposing an indefinite sentence under the Reagan Tokes Law.

{¶23} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.