[Cite as *State v. Bolin*, 2022-Ohio-3777.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,

       v.

KELLY SCOTT BOLIN,

       DEFENDANT-APPELLANT.

CASE NO. 6-22-02

**O P I N I O N**

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20212150

**Judgment Affirmed**

**Date of Decision: October 24, 2022**

APPEARANCES:

    *Edwin M. Bibler* **for Appellant**

    *McKenzie J. Klinger* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kelly Scott Bolin ("Bolin") brings this appeal from the judgment of the Hardin County Common Pleas Court finding him guilty of three counts of gross sexual imposition and one count of sexual battery, sentencing him to an aggregate prison term of 20.5 to 24 years, and finding him to be Tier III sexual offender. On appeal, Bolin challenges the voluntariness of the Alford Plea and the sentence imposed. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 14, 2021, the Hardin County Grand Jury indicted Bolin on ten counts of rape, eleven counts of gross sexual imposition, and four counts of sexual battery. Doc. 3. On January 20, 2022, Bolin entered into a plea agreement in which he agreed to enter an Alford Plea of guilty to three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), felonies of the third degree, and one count of sexual battery in violation of R.C. 2907.03(A)(5), (B), a felony of the second degree. Doc. 32. The State agreed to dismiss the remaining 21 charges in return for the Alford Plea of guilty. Doc. 32. Following a dialogue with Bolin, the trial court found him guilty of the four remaining charges. Doc. 33. A sentencing hearing was held on February 24, 2022. Doc. 37. The trial court sentenced Bolin to serve a prison term of 54 months on Count 3 – gross sexual imposition, 48 months on Count 9 – gross sexual imposition, 60 months on Count

14 – gross sexual imposition, and an minimum mandatory term of 7 years with a maximum term of 10.5 years on Count 25 – sexual battery. Doc. 37 at 4. The trial court then ordered that the sentences be served consecutively for an aggregate prison term of 20.5 years to 24 years. Doc. 37 at 5. The trial court dismissed the 21 remaining charges. Doc. 37 at 7. Bolin filed a timely appeal from this judgment. Doc. 42. On appeal, Bolin raises the following assignments of error.

### First Assignment of Error

**[Bolin's] indefinite sentence ordered, of seven (7) to ten and a half (10.5) years on the Sexual Battery charge, a qualifying felony of the third degree, under S.B. 201 or the "Reagan Tokes Law" is unconstitutional because it violates [Bolin's] rights under Article I, section 16 of the Ohio Constitution and the Fifth Amendment to the United States Constitution.**

### Second Assignment of Error

**[Bolin's] Alford Plea was not made knowingly, intelligently, or voluntarily.**

### Third Assignment of Error

**The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and R.C. 2929.12, the purposes and principles of the felony sentencing guidelines.**

*Reagan Tokes Law Constitutionality*

{¶3} In Bolin's first assignment of error, he claims the indefinite sentence imposed pursuant to the "Reagan Tokes Law" is unconstitutional because it violates his due process rights. Bolin claims his rights are violated because the statute permits the Ohio Department of Corrections and Rehabilitation to extend his

sentence past the minimum prison term imposed by the trial court without a hearing before the trial court to review the appropriateness of such an action. In the past, we have held that certain as applied challenges to Reagan Tokes were not ripe for review. *See*, *e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently released *State v. Maddox*, --- Ohio St.3d ---, 2022-Ohio-764, and determined that constitutional challenges to Reagan Tokes are ripe for review. Based on the holding in *Maddox*, we will address the constitutional issues raised regarding the application of Reagan Tokes.

{¶4} In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Appellant's burden to demonstrate that the statute at issue is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 1996-Ohio-264, 664 N.E.2d 926. Appellant has presented no compelling authority undermining the constitutionality of Reagan Tokes. Notwithstanding this point, numerous Ohio Appellate Courts, including this one, have already rejected challenges similar to Appellant's. *State v. Harrison*, 3d Dist. Logan No. 8-22-05, 2022-Ohio-2537 (holding that the statute does not violate the due process protections, the separation of powers doctrine, or the double jeopardy clause of the Constitution); *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 18 (holding that the statute does not violate due process protections or separation of powers doctrine); *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 25 (holding that the statute does not violate the right to a trial by jury or separation

of powers doctrine); *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 46, 185 N.E.3d 536 (en banc) (holding that the statute does not violate the right to trial by jury, due process requirements, or the separation of power doctrines). We agree with the reasoning expressed by the Ohio Appellate Courts cited herein and determine that Appellant's "as applied" challenge in this case is unavailing. Bolin's first assignment of error is overruled.

*Voluntariness of Alford Plea*

**{¶5}** Bolin's second assignment of error alleges that his plea was not voluntarily, intelligently, and knowingly given.

> **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt**

> **beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2).

**{¶6}** The plea entered in this case is not a typical guilty plea, but rather an *Alford* Plea. An *Alford* Plea is one in which the defendant asserts innocence, but still enters a guilty plea and takes its name from the leading case regarding such pleas, *Alford v. North Carolina,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). "Because an *Alford* plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty, the obligation of the trial judge with respect to the taking of an *Alford* plea is correspondingly different." *State v. Padgett*, 67 Ohio App.3d 332, 338, 586 N.E.2d 1194 (2d Dist 1990). This Court has previously addressed what is required to have a voluntarily entered Alford Plea.

> **In order for the trial court to establish that an Alford plea is knowing, voluntary, and intelligent, the court must conduct what is commonly referred to as an "Alford inquiry." An "Alford inquiry" requires that the trial court question the defendant concerning the reasons for deciding to plead guilty, notwithstanding the protestations of innocence. \* \* \* The record also must contain strong evidence of guilt before an Alford plea may be accepted. \* \* \* Therefore, the plea should not be made without the presentation of some basic facts surrounding the offenses charged.**

*State v. Scott*, 3d Dist. Seneca No. 13-2000-34, 2001-Ohio-2098 at \*2 (citations omitted).

{¶7} In this case, the trial court was fully aware that Bolin was entering an *Alford* plea. Tr. 4. The trial court held a discussion with Bolin that fulfilled the requirements of Criminal Rule 11. Tr. 12-21. Then the trial court discussed with Bolin what an *Alford* plea was. Tr. 21-22. The State then presented the facts regarding the charges. Tr. 22-23. The prosecutor indicated that in her professional opinion, the State had proof to prove the facts alleged beyond a reasonable doubt. Tr. 24.

{¶8} Following the presentation of facts, the trial court addressed counsel for Bolin as well as Bolin. The following dialogue then occurred.

> **Ms. Smith [Counsel for Bolin]: * * * Mr. Bolin has been in receipt of full discovery from the State of Ohio in which we have been able to review, all of the potential evidence that the State of Ohio would present at a jury trial if we were to go forward. Mr. Bolin, at this point in time would deny the truthfulness of the facts that was placed on the record; however, he does intend to still continue with his plea of guilty at this time, Your Honor.**
>
> **For consideration of his guilty plea, Mr. Bolin understands that if he were to go to jury trial and he were to be found guilty of any one of the multiple counts contained within the indictment, specifically – specifically there are multiple counts that could lead to a possible sentence of life in prison without parole, and there are multiple other charges that would carry a potential sentence of life with a possibility of parole and multiple other versions of sentencing, and in consideration that that is his possible exposure if he were to go to jury trial and if he were to be found guilty based on the facts and evidence intended to be presented by the State of Ohio Mr. Bolin has agreed that he would enter a plea of guilty but he is not in agreement as to those facts, Your Honor.**
>
> **The Court: All right. Madam Attorney, is it your professional opinion from the discovery that you received that there is a**

**likelihood that the State of Ohio can prove that statement of facts beyond a reasonable doubt?**

**Ms. Smith:  There is, Your Honor.**

**The Court:  And do you believe you would be able to accurately communicate to Mr. Bolin how that works, the thing we're telling him about a trial and all that?**

**Ms. Smith:  I do, Your Honor.  Mr. Bolin and I have had multiple discussions in regards to the evidence and in regards to the potential sentencing, and in speaking with Mr. Bolin, we believe that this is in his best interest today is to enter this guilty plea with the plea negotiations that have been placed on the record limiting him to a potential of sentence of 23 years in prison to 27 years in prison, Your Honor.**

**The Court:  All right.  And just out of curiosity, Attorney Smith, have you made known to Mr. Bolin your history in doing criminal work?**

**Ms. Smith:  I have, Your Honor.**

**The Court:  Do you think he understands the extensive history that you have doing both defense and prosecution work so that you understand the system?**

**Ms. Smith:  I do, Your Honor.  And Mr. Bolin and I have been able to have very interactive conversations with each other.  He has been – any time he has a question, he has not hesitated to ask me.  There were some issues that we had to work through as far as looking up, doing some legal research on some topics that he had mentioned, but we have had those conversations, Your Honor.  I believe he is fully aware of what the potential consequences are of his plea today.  And, again, Your Honor, we do believe this is in his best interest.**

**The Court:  All right.  And then very specifically, the motive that the defendant has for entering these pleas of guilty aside his protestation of innocence is what?**

**Ms. Smith:** Your Honor, it would be in regards to risk reduction regarding a maximum possible sentence of life in prison without the possibility of parole.

**The Court:** Okay. And in your professional opinion with the discovery you've received – and I'm sure the – all of the investigation that you have made and your conversations with the defendant, do you professionally believe that this guilty plea at this moment is in his best interest?

**Ms. Smith:** I do, Your Honor.

**\* \* \***

**The Court:** And do you believe that the plea is supported by a strong factual basis of the truth?

**Ms. Smith:** I do, Your Honor.

**The Court:** All right. Very good. All right. So now I'll turn to you, Mr. Bolin. Once again, your attorney has spoken on your behalf. Do you affirm everything she just told me or is there anything you want to dispute in what she's told me?

**The Defendant:** No, sir.

**The Court:** Do you understand she believes that you're entering these please because you understand the extensive risk you would be at were you to go to trial and be found guilty of more than these four counts? Do you believe you understand that?

**The Defendant:** Yes.

**The Court:** And do you understand the possibilities that sentences on multiple additional counts could subject you to much higher sentences than the maximum that these four counts alone would subject you to? Do you understand that?

**The Defendant:** Yes.

**The Court: All right. Do you believe with the evidence you've received from the State of Ohio that there is a strong factual basis for these four charges to which you're entering pleas?**

**The Defendant: Yes.**

**The Court: All right. And do you believe from your discovery that the State of Ohio has – I'm even going to say a great likelihood that they could prove those four charges – despite your protestations of innocence that they could prove those four charges with proof beyond a reasonable doubt?**

**The Defendant: Yes.**

**The Court: All right. Do you have anything you to ask me about just what we're discussing right here, sir?**

**The Defendant: No.**

Tr. 24-29.

{¶9} After the discussion regarding why Bolin was entering the *Alford* plea, the trial court reviewed that the charges were that on three separate occasions, Bolin had sexual contact with the victim who was not his spouse and was less than 13 years of age. The trial court asked Bolin if "while protesting your innocence on those facts, [Bolin believed], again, that the State has proof beyond a reasonable doubt that will likely support those elements." Tr. 41. Bolin agreed that the State had proof to support the charges. The trial court also asked Bolin if he had engaged in sexual conduct with the victim, who was not his spouse and was less than 13 years of age, on a different occasion. Tr. 41. Bolin admitted that the State had proof of the offense. Tr. 41-42.

{¶10} The record before this court shows that the trial court took efforts to determine why Bolin was entering a guilty plea while maintaining his innocence. The response was that he was looking at the possibility of multiple life sentences in prison and some without the possibility of parole if he was convicted of all counts in the indictment. By entering the guilty plea, Bolin was looking at a much lower maximum potential sentence. Because of the risk assessment, Bolin was choosing to enter a plea of guilty to four counts instead of going to trial on 25 counts. The record also shows that the State presented specific facts to support the charges. Tr. 22-24. Both Bolin and his counsel told the trial court that they believed that the State could prove the charges beyond a reasonable doubt. The trial court fully complied with the requirements when reviewing an *Alford* plea. A review of the transcript supports the trial court's conclusion that Bolin voluntarily, knowingly, and intelligently entered his plea. Bolin's second assignment of error is overruled.

*Imposition of Prison Sentence Contrary to R.C. 2929.11 and 2929.12*

{¶11} In his final assignment of error, Bolin argues that the trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and R.C. 2929.12. Initially this Court notes that our standard of review in this matter is not one of abuse of discretion, but rather clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10, 59 N.E.3d 1231 (holding that appellate courts may not apply an abuse of discretion standard to sentencing term challenges) and R.C. 2953.08(G)(2). The Supreme Court of Ohio has further

limited the review of the sentence imposed by an appellate court by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen No. 1-20-48, 2021-Ohio-1768, 173 N.E.3d 94. When reviewing felony sentences that are imposed solely after applying R.C. 2929.11 and R.C. 2929.12, this Court shall no longer analyze whether those sentences are unsupported by the record. Our task is simply to determine whether those sentences are contrary to law. *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 13.

{¶12} This Court has no authority under R.C. 2953.08(G)(2) to reverse the sentence on the grounds that the record does not support the trial court's application of R.C. 2929.11 and 2929.12. *State v. Toler*, 3d Dist. Hardin No. 6-21-14, 2022-Ohio-2917. The record before us confirms that the trial court considered the statutory factors set forth in R.C. 2929.12 and considered the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. The sentences imposed all fell within the statutory range of sentences for each offense. The trial court made the required findings to impose consecutive sentences. Thus, the sentences imposed were not contrary to law. The third assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hardin County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/hls**